Manning v. Rock

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, Jr.,
*Circuit Judges.*

_____

TROY MANNING,

*Petitioner-Appellant*,

v.                                        No. 14-4778-pr

DAVID ROCK, Superintendent at Upstate
Correctional Facility,

*Respondent-Appellee.*

_____

FOR APPELLANT: JOSEPH M. NURSEY (Richard M. Greenberg, *on the brief*), Office of the Appellate Defender, New York, New York.

FOR APPELLEE: DAVID P. STROMES (Christopher P. Marinelli, *on the brief*), Assistant District Attorneys, *for* Cyrus R. Vance, Jr., District Attorney of New York County, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Thomas P. Griesa, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-Appellant Troy Manning, who is currently serving a sentence of 18 years' imprisonment following a conviction in New York Supreme Court on eleven counts of criminal sale of marijuana in the second degree, five counts of criminal sale of a controlled substance in the second degree, and two counts of criminal sale of a controlled substance in the first degree, appeals from the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We granted a certificate of appealability on the question whether Manning's "right to a public trial under the Sixth Amendment was violated when the state trial court closed the courtroom to the general public during the testimony of an undercover officer without sua sponte considering reasonable alternatives." J.A. 6. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

A federal court may grant habeas relief under § 2254 only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A petitioner seeking such relief must demonstrate that the state court's decision was "so lacking in justification that there was

2

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The district court erred in holding that Manning had procedurally defaulted on his claim that the trial court failed to consider reasonable alternatives to closing the courtroom and thus violated the third prong of the four-prong test set out by the Supreme Court for evaluating the constitutionality of a courtroom closure. See Waller v. Georgia, 467 U.S. 39, 48 (1984). The Appellate Division held that Manning had failed to preserve only "his specific complaint that the court failed to set forth adequate findings of fact to justify closure," J.A. 57, under the fourth prong of the Waller test, and dismissed Manning's third-prong claim on the merits. Because the Appellate Division's decision on the third-prong claim "fairly appeared to rest primarily on resolution of [that] claim[] . . . and did not clearly and expressly rely on an independent and adequate state ground," Coleman v. Thompson, 501 U.S. 722, 735 (1991), we may address it here.

On the merits, however, Manning has not shown that he is entitled to habeas relief under the exacting standard set forth above. The Appellate Division concluded that Waller's third prong was satisfied, because "the closure only applied during the undercover officer's testimony, and the [trial] court stated it would permit defendant's family members to attend and would consider admitting other persons on an individual basis." J.A. 58. A trial court's consideration of all "reasonable alternatives," in conjunction with its fulfillment of the other Waller factors, may conceivably lead to a limited closure such as that ordered by the state court in this case. Waller, 467 U.S. at

3

48–49 (suggesting, as an alternative to immediate closure of an entire suppression hearing, "closing only those parts of the hearing that jeopardized the interests advanced"); see also Brown v. Kuhlmann, 142 F.3d 529, 538 (2d Cir. 1998) (stating that "closure of the courtroom during the testimony of a single witness is itself a narrower alternative than closure for the duration of the proceeding"). The Appellate Division's decision was thus not "an error . . . beyond any possibility of fairminded disagreement."

We have considered Manning's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4